ALICIA A.G. LIMTIACO
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam   96910
PHONE:  (671) 472-7332
FAX:  (671) 472-7215
ROSS K. NAUGHTON
RUSSELL H. LORFING
Assistant U.S. Attorneys
P.O. Box 50037
Horiguchi Building, Third Floor
Saipan, MP 96950
TEL:  (670) 236-2980
FAX:  (670) 236-2985

Attorneys for the United States of America

FILED
Clerk
District Court

JUL 23 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO.  13-00002 |
|---|---|
| Plaintiff, | |
| vs. | **FIRST AMENDED NON PROSECUTION AGREEMENT** |
| HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS, LTD. dba TINIAN DYNASTY HOTEL & CASINO, | |
| Defendant. | |

    The Office of the United States Attorney for the Northern Mariana Islands (the "Office") and Defendant, HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS, LTD. dba TINIAN DYNASTY HOTEL & CASINO ("TDHC"), under authority granted by its Board of Directors in the form of a Board Resolution (a copy of which is attached hereto as Exhibit A),



hereby enter into this First Amended Non Prosecution Agreement (the "Agreement"):

## The Superseding Indictment

1. On November 20, 2014, a Second Superseding Indictment (the "Second Superseding Indictment") was filed against Defendant TDHC in the United States District Court for the Northern Mariana Islands, charging TDHC with conspiracy to cause a financial institution to fail to file a currency transaction report (Count 1), in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5313(a) failure to file a currency transaction report (Counts 2-156), in violation of 31 U.S.C. §§ 5313(a), 5322(b), and 5324(a)(1); failure to file a suspicious activity report (Count 157), in violation of 31 U.S.C. §§ 5313(a) and 5322(b); and failure to maintain an effective anti-money laundering program (Count 158), in violation of 31 U.S.C. §§ 5318(h) and 5322(b). A copy of the Second Superseding Indictment is attached hereto as Exhibit B. This First Amended Agreement shall take effect upon its execution by both parties and shall supersede and replace the Non-Prosecution Agreement filed with the Court by the parties on June 25, 2015, making the effective date of the Non-Prosecution Agreement the date that this Agreement is executed, rather than June 25, 2015. Other than the amended TDHC Board resolution, attached hereto as Exhibit "A," the exhibits to the June 25, 2015 Non-Prosecution Agreement shall remain the same and need not be attached hereto.

## Acceptance of Responsibility

2. Defendant TDHC admits and stipulates that the facts set forth in the Statement of Facts, attached hereto as Exhibit C and incorporated herein, are true and accurate.

## Payments, Forfeiture, and Release of Liens Obligations

3. As a result of the conduct described in the Second Superseding Indictment and the Statement of Facts, TDHC agrees to make a payment in the amount of Three Million Thirty-Six



1 Thousand Nine-Hundred Sixty-Nine United States Dollars and Twelve Cents (US$3,036,969.12)
2 (the "Total Forfeiture Amount") to the United States, pursuant to this Agreement. The Total
3 Forfeiture Amount shall be comprised of Five-Hundred Thirty-Six Thousand Nine-Hundred
4 Sixty-Nine United States Dollars and Twelve Cents (US$536,969.12) previously seized by the
5 United States (the "Initial Forfeiture Amount"), and an additional Two Million Five-Hundred
6 Thousand United States Dollars (US$2,500,000.00) (the "Additional Forfeiture Amount")

7     4.    TDHC agrees that this Agreement, the Second Superseding Indictment, and the
8 Statement of Facts may be attached and incorporated into a civil forfeiture complaint (the "Civil
9 Forfeiture Complaint"), a copy of which is attached hereto as Exhibit D, that will be filed against
10 the Additional Forfeiture Amount. By this Agreement, TDHC expressly waives service of that
11 Civil Forfeiture Complaint and agrees that a Final Order of Forfeiture may be entered against the
12 Additional Forfeiture Amount.

13     5.    The United States shall retain the Initial Forfeiture Amount. TDHC shall transfer
14 the Additional Forfeiture Amount to the United States immediately after the parties execute this
15 Agreement, or as otherwise directed by the United States Attorney for the Districts of Guam and
16 the NMI (the "Office") following such period. Such payment shall be made by certified check
17 issued by an FDIC insured bank to the Internal Revenue Service or other designated agency,
18 pursuant to instructions provided by the Office. If TDHC fails to timely make the payment
19 required under this paragraph, interest (at a rate specified in 28 U.S.C. § 1961) shall accrue on
20 the unpaid balance through the date of payment, unless, in the alternative, the Office, in its sole
21 discretion, chooses to reinitiate a criminal prosecution against TDHC pursuant to Paragraphs 14
22 and 15, below.

23     6.    TDHC shall release any and all claims it may have to the Total Forfeiture
24

Amount and execute such documents as necessary to accomplish the forfeiture of the funds. TDHC agrees that it will not file a claim with the Court or otherwise contest the civil forfeiture of the Total Forfeiture Amount and will not assist a third party in asserting any claim to the Total Forfeiture Amount.

7. TDHC agrees that the Total Forfeiture Amount shall be treated as a penalty paid to the United States government for all purposes, including all tax purposes. TDHC agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, local or foreign tax for any portion of the Total Forfeiture Amount that TDHC has agreed to pay to the United States pursuant to this Agreement.

8. The Office shall, immediately upon receipt of the Additional Forfeiture Amount in the form referenced in paragraph 5, cause the filing with the Commonwealth Recorder's Office a fully executed original version of Exhibit E, "Notice of Cancellation of the Notice of *Lis Pendens,*" and shall provide TDHC counsel with a copy of the Recorder's Office file stamped document. The Office agrees that once Exhibit E is filed with the Recorder's Office the only lien or encumbrance related to this criminal prosecution will have been removed, and that the Office is aware of no other lien or other encumbrance on or related to any of TDHC's real or other properties in favor of the United States.

### Obligation to Cooperate

9. TDHC agrees to cooperate fully with the Internal Revenue Service – Criminal Investigations ("IRS-CI"), and any other governmental agency designated by the Office regarding any matter relating to the conduct described in the Second Superseding Indictment or Statement of Facts.

10. It is understood that, during the term of this Agreement, TDHC shall: (a) bring to



the Office's attention all criminal conduct by TDHC or any of its employees acting within the scope of their employment related to violations of the federal laws of the United States, as to which TDHC's Board of Directors, senior management, or United States legal and compliance personnel are aware that occurs after the execution of this agreement; (b) bring to the Office's attention any administrative, regulatory, civil, or criminal proceeding or investigation of TDHC relating to the Bank Secrecy Act ("BSA") that occurs after the execution of this agreement ; and (c) commit no crimes under the federal laws of the United States subsequent to the execution of this Agreement.

11.  TDHC agrees that its obligations pursuant to this Agreement, which shall commence upon the signing of this Agreement, will continue for three years from the date of the execution of this Agreement, unless otherwise extended pursuant to Paragraph 15 below (the "Supervision Period").  TDHC's obligation to cooperate is not intended to apply in the event that a prosecution against TDHC by this Office is reinitiated due to TDHC's noncompliance with this Agreement.

## Non-Prosecution Provisions

12.  In consideration of TDHC's entry into this Agreement and its commitment to: (a) accept and acknowledge responsibility for its conduct, as described in the Statement of Facts; (b) cooperate with the Office and the IRS-CI; (c) make the payment specified in this Agreement; (d) comply with the federal criminal laws of the United States (as provided herein in Paragraph 10 ); and (e) otherwise comply with all of the terms of this Agreement, the Office shall not criminally prosecute TDHC, or any past or current shareholder, officer, director, or employee of TDHC relating to the conduct described in the Second Superseding Indictment and Statement of Facts. The Office shall move to dismiss the Second Superseding Indictment (and all underlying



Indictments) without prejudice, subject to the right of the Office to initiate a criminal prosecution in the event of a material breach of TDHC's obligations under this Agreement as described herein.

13. With the exception of the filing of the Civil Forfeiture Complaint, the Office further agrees that it will not initiate any civil action relating to the conduct described in the Second Superseding Indictment and Statement of Facts against TDHC, or any past or current shareholder, officer, director, or employee of TDHC. This Agreement does not provide any protection against prosecution for any crimes or civil actions, including collection actions on behalf of FinCEN, except as set forth herein.

14. It is understood that should the Office in its sole discretion determine that TDHC (a) has knowingly given material false, incomplete or misleading information during the Supervision Period (b) committed any crime under the federal laws of the United States during the Supervision Period; or (c) otherwise violated any material provision of this Agreement during the Supervision Period, TDHC shall, in the Office's sole discretion, thereafter be subject to prosecution for any federal criminal violation, or suit for any civil cause of action, of which the Office has knowledge, including but not limited to a prosecution or civil action based on the Second Superseding Indictment, the Statement of Facts, the conduct described therein, or perjury and obstruction of justice. Any such prosecution or civil action may be premised on any information provided by or on behalf of TDHC to the Office, the IRS-CI, or the United States Department of the Treasury, at any time. In any prosecution or civil action based on the Second Superseding Indictment, the Statement of Facts, or the conduct described therein, it is understood that; (a) no charge would be time-barred provided that such prosecution is brought within the applicable statute of limitations period (subject to any tolling agreements between the Office and



1   TDHC), and excluding the period from the execution of this Agreement until its termination; and

2   (b) TDHC agrees to toll, and exclude from any calculation of time, the running of the statute of

3   limitations for the length of this Agreement starting from the date of the execution of this

4   Agreement and including any extension of the Supervision Period pursuant to Paragraph 16

5   below. By this Agreement, TDHC expressly intends to and hereby does waive its rights in the

6   foregoing respects, including any right to make a claim premised on the statute of limitations, as

7   well as any constitutional, statutory, or other claim concerning post-indictment delay. Such

8   waivers are knowing, voluntary, and in express reliance on the advice of TDHC's counsel.

9       15. It is further agreed that in the event that the Office, in its sole discretion,

10   determines that TDHC has violated any material provision of this Agreement, including TDHC's

11   failure to meet its obligations under this Agreement: (a) all statements made or acknowledged by

12   or on behalf of TDHC to the Office and the IRS-CI, including but not limited to the Statement of

13   Facts, or any testimony given by TDHC or by any agent of TDHC before a grand jury, or other

14   tribunal, whether before or after the date of this Agreement, or any leads from such statements or

15   testimony, shall be admissible in evidence in any and all criminal proceedings hereinafter

16   brought by the Office against TDHC; and (b) TDHC shall not assert any claim under the United

17   States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the

18   Federal Rules of Evidence, or any other federal rule, that such statements made by or on behalf

19   of TDHC before or after the date of this Agreement, or any leads derived therefrom, should be

20   suppressed or otherwise excluded from evidence. It is the intent of this Agreement to waive any

21   and all rights in the foregoing respects.

22       16. TDHC agrees that, in the event that the Office determines during the three year

23   period described in Paragraph 11 above that TDHC has violated any provision of this

24



1  Agreement, an extension of the three year period of may be imposed in the sole discretion of the
2  Office, up to an additional one year, but in no event shall the total term of the Supervision Period
3  exceed four (4) years.
4      17.    TDHC, having truthfully admitted to the facts in the Statement of Facts, agrees
5  that it shall not, through its attorneys, agents, or employees, make any statement, in litigation or
6  otherwise, contradicting the Statement of Facts or its representations in this Agreement.
7  Consistent with this provision, TDHC may raise defenses and/or assert affirmative claims in any
8  proceedings brought by governmental or private parties as long as doing so does not contradict
9  the Statement of Facts or such representations.  Any such contradictory statement by TDHC, its
10 present or future attorneys, agents, or employees shall constitute a violation of this Agreement
11 and TDHC thereafter shall be subject to prosecution as specified in Paragraphs 14 through 15,
12 above, or the Supervision Period shall be extended pursuant to Paragraph 16, above.  The
13 decision as to whether any such contradictory statement will be imputed to TDHC for the
14 purpose of determining whether TDHC has violated this Agreement shall be within the sole
15 discretion of the Office but the Office shall notify TDHC any time it believes that a contradictory
16 statement has been made and upon the Office's notifying TDHC counsel[i] in writing of any such
17 contradictory statement, TDHC may avoid a finding of violation of this Agreement by
18 repudiating such statement both to the recipient of such statement and to the Office within
19 Seventy-Two (72) hours after receipt of notice by the Office.  TDHC consents to the public
20 release by the Office, in its sole discretion, of any such repudiation.  Nothing in this Agreement
21 is meant to affect the obligation of TDHC or its officers, directors or employees to testify
22 truthfully in any judicial proceeding.
23     18.    TDHC agrees that it is within the Office's sole discretion to choose, in the event
24



of a violation, the remedies contained in Paragraphs 14 and 15, above, or instead to choose to extend the period of time pursuant to Paragraph 16, provided however, that if TDHC's violation of this Agreement is limited to an untimely payment of the Additional Forfeiture Amount, the Office may elect instead to choose the additional financial penalties set forth in Paragraph 5, above. TDHC understands and agrees that the exercise of the Office's discretion under this Agreement is unreviewable by any court. Should the Office determine that TDHC has violated this Agreement, the Office shall provide written notice to TDHC of that determination prior to exercising any of those remedies and provide TDHC with an opportunity to make a presentation to the Office to demonstrate that no violation occurred, or, to the extent applicable, that the violation should not result in the exercise of any of those remedies, including because the violation has been cured by TDHC.

### TDHC's BSA/AML Compliance Program

19. TDHC shall continue its ongoing effort to implement and maintain an effective BSA/AML compliance program in accordance with the requirements of the BSA and the directives and orders of any United States regulator of TDHC or its affiliates. It is understood that a violation of the BSA arising from conduct occurring prior to the date of execution of this Agreement, including with respect to any SAR-filing obligation, will not constitute a breach of TDHC's obligations pursuant to this Agreement. However, there shall be no limitation on the ability of the Office to investigate or prosecute such violations and/or conduct in accordance with the applicable law and the other terms of this Agreement.

### Review of TDHC's BSA/AML Compliance Program

20. During the Supervision Period, TDHC shall provide the Office with quarterly reports ("Quarterly Reports) describing the status of TDHC's implementation of the remedial



changes to its BSA/AML compliance program. The Quarterly Reports shall identify any violations of the BSA that have come to the attention of TDHC's legal and compliance personnel during this reporting period. The first Quarterly Report shall be provided on or before October 1, 2015.

21. During the Supervision Period, the Office, as it deems necessary and upon request to TDHC, shall: (a) be provided by TDHC with access to any and all non-privileged books, records, accounts, correspondence, files, and any and all other documents or electronic records, including e-mails, of TDHC and its representatives, agents, affiliates, and employees, relating to any matters described or identified in the Quarterly Reports; and (b) have the right to interview any officer, employee, agent, consultant, or representative of TDHC concerning any non-privileged matter described or identified in the Quarterly Reports.

22. It is understood that TDHC shall promptly notify the Office of (a) any deficiencies, failings, or matters requiring attention with respect to TDHC's BSA/AML compliance program identified by any United States regulatory authority within 10 business days of any such regulatory notice; and (b) any steps taken or planned to be taken by TDHC to address the identified deficiency, failing, or matter requiring attention. The Office may, in its sole discretion, direct TDHC to provide other reports about its BSA/AML compliance program as warranted.

### Limits of this Agreement

23. It is understood that this Agreement is binding on the Office but does not bind any other Federal agencies, any state or local law enforcement agencies, any licensing authorities, or any regulatory authorities. However, if requested by TDHC or its attorneys, the Office will bring to the attention of any such agencies, including but not limited to any regulators, as applicable,



this Agreement, the cooperation of TDHC, and TDHC's compliance with its obligations under this Agreement.

### Public Filing

24.     TDHC and the Office agree that, upon the submission of this Agreement (including the Statement of Facts and other attachments hereto) to the Court, the Agreement (and its attachments) shall be filed publicly in the proceedings in the United States District Court for the District of the Northern Mariana Islands.

25.     The parties understand that this Agreement reflects the unique facts of this case and is not intended as precedent for other cases.

### Integration Clause

26.     This Agreement sets forth all the terms of the Non Prosecution Agreement between TDHC and the Office. No modifications or additions to this Agreement shall be valid unless they are in writing and signed by the Office, TDHC's attorneys, and a duly authorized representative of TDHC.



DATED: July 22 2015.

HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS, LTD. dba TINIAN DYNASTY HOTEL & CASINO
Defendant



DATED: July 23, 2015.

_____
SEAN E. FRINK
Attorney for Defendant

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the Northern Mariana Islands

DATED: July 23, 2015.   BY: _____
MARIVIC P. DAVID
RUSSELL H. LORFING
Assistant U.S. Attorneys

---

[i] TDHC may subsequently designate another attorney residing in the CNMI as its agent for purposes of delivery of any Notice under this Agreement.



# Exhibit "A"



## UNANIMOUS AMENDED CONSENT OF THE DIRECTORS
## IN LIEU OF A SPECIAL MEETING

## HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS LIMITED

THE UNDERSIGNED, being the sole Director of HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS LIMITED (the "Corporation") who would be entitled to vote upon the matters hereafter set forth if the same had been submitted to a formally convened special meeting of the directors, hereby consents to the actions taken or to be taken as set forth in the resolutions below, and agree that when the Director has signed this consent, such actions shall have the same force and effect as any action unanimously approved of at a formally convened and duly called special meeting of the directors.

WHEREAS, on May 9, 2013 the Grand Jury filed a criminal indictment in the United States District Court for the Northern Marian Islands between the United States of America and the Corporation, Tim Blyth and George Que, Criminal Case No 13-0002. Whereas, on November 20, 2014 a Second Superseding Indictment was filed against the Corporation charging the Corporation with conspiracy to cause a financial institution to fail to file a currency transaction report (Count 1), in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5313(a) and 5322(b); failure to file a currency transaction report (Counts 2-156), in violation of 31 U.S.C. §§ 5313(a) and 5322 (b); failure to file a suspicious activity report (Count 157), in violation of 31 U.S.C. §§ 5313(a) and 5322(b); failure to maintain an effective anti-money laundering program (Count 158), in violation of 31 U.S.C. §§ 5318(h) and 5322(b); and the Second Superseding Indictment also seeks criminal forfeiture pursuant to 21 U.S.C. § 853 of certain real property leasehold interests of the Corporation, commonly known as the Tinian Dynasty Hotel & Casino located in Tinian, CNMI (collectively the "Criminal Charges"); and

WHEREAS the United States of America and the Corporation have agreed upon a dismissal of the Criminal Charges pursuant to an Amended non prosecution agreement between the parties;

The following actions are, by consent of the sole Director, resolved and adopted:

RESOLVED, that the Corporation is authorized to enter into an Amended Non Prosecution Agreement of the Criminal Charges whereby all charges are dismissed, the corporation is required to forfeit US$3,036,969.12 to the USA, the Corporation agrees to cooperate, and to implement, maintain, report upon, and cooperate in investigations regarding federal bank secrecy and anti-money laundering requirements, a copy of the First Amended Non Prosecution Agreement is attached as Exhibit A;

FURTHER RESOLVED, that President CHAN, Chun Wai has authority to enter into and negotiate the terms of the Settlement Agreement on behalf of the Corporation and all accompanying instruments or agreements thereto as proposed and upon such other terms and conditions as he, in his sole discretion, deems proper and appropriate, and has full authority to execute and deliver the First Amended Non-Prosecution Agreement and any and all instruments, documents, certificates or agreement on behalf of the Corporation which may be appropriate, in the sole judgment of the President Chan, in connection with the settlement of the Criminal Charges;

There was no further business transacted by the Director through this written consent. This written consent is made by the Director without a meeting and is intended to be effective as of July 22, 2015.

DIRECTOR:

*For and on behalf of*
香港娛樂（海外）投資有限公司
HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENTS LIMITED

_____
*Authorized Signature(s)*

CHAN, Chun Wai

Exhibit A

